T.C. Summary Opinion 2006-54

UNITED STATES TAX COURT

SAMIE M. AND NORA L. FINCH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20308-04S.                    Filed April 17, 2006.

Samie M. and Nora L. Finch, pro sese.

<u>William J. Gregg</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $5,801 for the taxable year 2002.

After concessions,[1] the issues for decision are: (1) Whether petitioners are entitled to miscellaneous itemized deductions of $28,188[2] as claimed on their 2002 Federal income tax return; (2) whether petitioners are entitled to a charitable contribution deduction of $5,640 for taxable year 2002; and (3) whether petitioners are entitled to a deduction for medical and dental expenses of $219[3] for taxable year 2002.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Moorefield, West Virginia, on the date the petition was filed in this case.

---

[1]Petitioners claimed deductions for two dependency exemptions and Schedule E expenses of $3,267 on their 2002 Federal income tax return. Respondent, in the notice of deficiency, disallowed the deductions for the two dependency exemptions and the Schedule E expenses. However, at trial, respondent conceded that petitioners are entitled to deduct the two dependency exemptions and the Schedule E expenses.

[2]This amount has been calculated by petitioners taking into account the 2-percent floor imposed by sec. 67(a). The amount claimed before the limitation was $29,288.

[3]This amount has been calculated by petitioners taking into consideration the 7.5-percent floor imposed by sec. 213(a). The amount reported before the limitation was $4,344.

During taxable year 2002, petitioners lived in Moorefield, West Virginia. Petitioners chose to live in Moorefield, West Virginia, for personal reasons. During the year in issue, Samie M. Finch (petitioner) was employed as a nonunion ironworker by Cianbro. Cianbro's headquarters was in Pittsfield, Maine. Cianbro had a regional office in Baltimore, Maryland, and it was out of this office that petitioner was based.

As an employee of Cianbro, petitioner traveled to different job sites within his region. Those job sites included: Annapolis, Maryland, Union Bridge, Maryland, Arlington, Virginia, and Baltimore, Maryland. Petitioner drove from his residence in Moorefield, West Virginia, to the job site and returned home each night. According to petitioner, he made the following round trips during taxable year 2002: (1) 72 to Baltimore, Maryland; (2) 52 to Union Bridge, Maryland; (3) 104 to the Pentagon or Arlington, Virginia; and (4) 14 to the Bay Bridge in Annapolis, Maryland. The monthly mileage figures for these trips, together with the cost of meals by month, were reported on a summary sheet. Also attached to the summary sheet were Mapquest directions to each job site dated March 2, 2003.

Also during the year in issue, petitioner was a pastor in the First Church of God in Christ located in Piedmont, West Virginia. Petitioner did not receive compensation for his services as a pastor during taxable year 2002.

During taxable year 2002, petitioner Nora L. Finch was retired and received Social Security benefits.

Petitioners filed a joint Federal income tax return for 2002 which included a Schedule A, Itemized Deductions, a Schedule B, Interest and Ordinary Dividends, and a Schedule E, Supplemental Income and Loss.

On their jointly filed 2002 tax return, petitioners reported adjusted gross income of $55,009 and claimed Schedule A itemized deductions of $43,639.

On their Schedule A, petitioners claimed the following deductions, in pertinent part:

|  | | Itemized Deductions | Amount |
|---|---|---|---|
| Line | 1 | Medical and dental expenses | $4,344 |
| Line | 4 | Net medical deduction | 219 |
| Line | 5 | State and local income taxes | 1,474 |
| Line | 8 | Other taxes | 262 |
| Line | 9 | Total taxes | 1,736 |
| Line | 15 | Gifts by cash or check | 5,640 |
| Line | 18 | Total gifts to charity | 5,640 |
| Line | 20 | Unreimbursed employee business expenses | 29,288 |
| Line | 26 | Net limited miscellaneous deduction | 28,188 |
| Line | 28 | Total itemized deductions | 43,639 |

On October 8, 2004, respondent issued petitioners a notice of deficiency for taxable year 2002. Respondent disallowed $34,046 of petitioners' claimed $43,639 Schedule A itemized deductions for taxable year 2002. The $34,046[4] disallowed by

---

[4]It appears from adding together the disallowed items that the total amount disallowed should be $34,047 (rounded to the nearest dollar).

respondent consists of: (1) A disallowed net medical deduction of $219; (2) disallowed total gifts to charity of $5,640; and (3) disallowed net limited miscellaneous itemized deductions of $28,188.

## Discussion

In general, the Commissioner's determination in a notice of deficiency is presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that "The burden of proof shall be upon the petitioner". In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 places the burden of proof on the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). Credible evidence is "'the quality of evidence which, after critical analysis, * * * [a] court would find sufficient * * * to base a decision on the issue if no contrary evidence were submitted'".[5] Baker v. Commissioner, 122 T.C. 143, 168 (2004) (quoting Higbee v. Commissioner, 116 T.C. 438, 442 (2001)). Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with the Commissioner for witnesses,

---

[5]We interpret the quoted language as requiring the taxpayer's evidence pertaining to any factual issue to be evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer. See Bernardo v. Commissioner, T.C. Memo. 2004-199.

information, documents, meetings, and interviews.  Sec.
7491(a)(2).  Although neither party alleges the applicability of
section 7491(a), we conclude that the burden of proof has not
shifted to respondent with respect to any of the issues in the
present case.

Section 6001 and the regulations promulgated thereunder
require taxpayers to maintain records sufficient to permit
verification of income and expenses.  As a general rule, if the
trial record provides sufficient evidence that the taxpayer has
incurred a deductible expense, but the taxpayer is unable to
adequately substantiate the precise amount of the deduction to
which he or she is otherwise entitled, the Court may estimate the
amount of the deductible expense, bearing heavily against the
taxpayer whose inexactitude in substantiating the amount of the
expense is of his own making, and allow the deduction to that
extent.  Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).
However, in order for the Court to estimate the amount of an
expense, the Court must have some basis upon which an estimate
may be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743
(1985).  Without such a basis, any allowance would amount to
unguided largesse.  Williams v. United States, 245 F.2d 559, 560-
561 (5th Cir. 1957).

Moreover, deductions are a matter of legislative grace and
are allowed only as specifically provided by statute.  INDOPCO,

Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

With these well-established propositions in mind, we must determine whether petitioners have satisfied their burden of proving that they are entitled to the claimed itemized deductions mentioned above.

## 1. Miscellaneous Itemized Deductions

As previously stated, on their Schedule A for taxable year 2002, petitioners claimed miscellaneous itemized deductions of $28,188 for job expenses incurred during taxable year 2002. The deduction was claimed for expenses incurred relating to petitioner's travel between his residence in Moorefield, West Virginia, and construction/work sites in Baltimore, Maryland, Arlington, Virginia, Union Bridge, Maryland, and Annapolis, Maryland. Respondent disallowed the deductions in full. Respondent determined that petitioners did not substantiate the claimed expenses or, if substantiated, petitioners did not prove that the expenses were not reimbursed by petitioner's employer; nor did petitioners prove that Moorefield, West Virginia, was petitioner's tax home.

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. For an expense to be "ordinary" the transaction that gives rise to the expense must be

of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940). To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, supra at 113-114. The performance of services as an employee constitutes a trade or business. See sec. 1.162-17(a), Income Tax Regs. The employee must show the relationship between the expenditures and the employment. See Evans v. Commissioner, T.C. Memo. 1974-267, affd. 557 F.2d 1095 (5th Cir. 1977). The taxpayer bears the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). "The determination of whether an expenditure satisfies the requirements of section 162 is a question of fact." Shea v. Commissioner, 112 T.C. 183, 186 (1999).

In the case of travel expenses, entertainment expenses, and expenses paid or incurred with respect to listed property, e.g., passenger automobiles, section 274 overrides the Cohan doctrine, and expenses are deductible only if the taxpayer meets the section's stringent substantiation requirements. Secs. 274(d), 280F(d)(4); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Section 274(d) specifically provides:

> SEC. 274(d). Substantiation Required.--No deduction or credit shall be allowed--

(1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home),

(2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity,

(3) for any expense for gifts, or

(4) with respect to any listed property (as defined in section 280F(d)(4)),

unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift.  * * *

This section "contemplates that no deduction or credit shall be allowed a taxpayer on the basis of such approximations or unsupported testimony of the taxpayer."  Sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

In order to substantiate a deduction by means of adequate records, a taxpayer must maintain a diary, log, statement of expenses, trip sheet, or similar record, and documentary evidence which, in combination, are sufficient to establish each element of each expense or use.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  A contemporaneous log is not required, but corroborative evidence to support a taxpayer's record of the elements of expenditure or use must have

"a high degree of probative value to elevate such statement and evidence to the level of credibility" of a contemporaneous record.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., <u>supra</u>.  Thus, no deduction for expenses under section 274(d) may be allowed on the basis of any approximation or the unsupported testimony of the taxpayer.  See, e.g., <u>Murata v. Commissioner</u>, T.C. Memo. 1996-321; <u>Golden v. Commissioner</u>, T.C. Memo. 1993-602.

Petitioner did not keep a handwritten log of his travel and meals.  In order to substantiate his claimed business travel for 2002, petitioner offered into evidence the typed summary of his travel and an information sheet from his employer showing trips to job sites.  The typed summary, as stated before, shows the number of round trips made from petitioner's home to the job sites, the round-trip mileage, and the meal expenses paid.  There are no receipts in the record indicating meal expenses.  In addition, the Court cannot determine what the numbers on the information sheet from petitioner's employer indicate.  Further, petitioner did not explain the information sheet, nor did he testify as to its contents.  Petitioner received $35 as reimbursement from his employer for every day he traveled to a nongovernment work site, such as Baltimore, Maryland, or Union Bridge, Maryland.  The $35 was to reimburse him for gasoline expenses and meal expenses paid during work-related travel.

Also, petitioner's employer reimbursed him "34 cents per mile for traveling expenses", in addition to the $35 per day.

We believe petitioner did travel to the job sites during 2002. However, we conclude that petitioner has not satisfied the substantiation requirements of section 274(d) as to the mileage and meal expenses. Although, for the sake of argument, if we conclude that petitioner has satisfied the substantiation requirements of section 274(d) as to the mileage and meal expenses, petitioner has not shown that he was not reimbursed for all of his traveling expenses, i.e., mileage and meals, by his employer. Further, even if petitioner could substantiate the travel expenses in issue and that such amounts were not reimbursed by his employer, upon the basis of the record we conclude that Baltimore, Maryland, and not Moorefield, West Virginia, was petitioner's "tax home", and therefore he would be entitled to reimbursement only for travel while he was away from his employer's regional office in Baltimore, Maryland, on work assignment. The mileage for these trips is not in the record, and thus we could not make a <u>Cohan</u> determination.

2. <u>Charitable Contribution</u>

As previously stated, petitioners on their Schedule A filed with their Federal income tax return for taxable year 2002 claimed a deduction for contributions to charity by cash or check of $5,640.

Respondent determined that petitioners did not adequately substantiate any of their claimed charitable contribution deduction.

A deduction generally is allowed for any charitable contribution made within the taxable year.  Sec. 170(a)(1).

As previously stated, taxpayers generally must keep records sufficient to establish the amounts of the items required to be shown on their Federal income tax return.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.  In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making.  Cohan v. Commissioner, 39 F.2d at 543-544.  We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731 (1985).

Deductions for charitable contributions are subject to further substantiation requirements.  Sec. 170(a)(1).  Generally, such deductions must be substantiated with reliable written records reflecting the name of the donee, the date of the contribution, and either the amount of any cash contribution or a description of the property contributed.  Sec. 1.170A-13(a) and

(b), Income Tax Regs.  Deductions for contributions of $250 or more are disallowed in the absence of a contemporaneous written acknowledgment of the contribution by the donee.  Sec. 170(f)(8); sec. 1.170A-13(f), Income Tax Regs.

Petitioners provided a typed receipt, signed by Bishop Henderson Wheeler, acknowledging that petitioners contributed $3,359.87 to the First Church of God in Christ.  Petitioners testified that a total amount of $3,359.87 was contributed by them during the taxable year 2002 at Sunday worship services.  In view of the fact that petitioners attended services regularly and that we believe the receipt is credible, we find that the receipt is sufficient substantiation of petitioners' charitable contribution of $3,359.87.  However, petitioners have not testified as to or substantiated charitable contributions above that amount.  Thus, we conclude that petitioners are entitled to a charitable contribution deduction of $3,360[6] for the taxable year 2002.

3.  Medical and Dental Expenses

As previously stated, on their Schedule A for taxable year 2002, petitioners claimed a deduction for medical and dental expenses incurred of $219 above the 7.5-percent floor. Respondent disallowed the deduction in full.  Respondent determined that petitioners did not prove that the expenses were

---

[6]This amount is rounded to the nearest dollar.

incurred or, if incurred, that they were paid during taxable year 2002.

Section 213(a) allows as a deduction any expenses that are paid during the taxable year for the medical care of the taxpayer, his spouse, and dependents and that are not compensated for by insurance or otherwise.  Estate of Smith v. Commissioner, 79 T.C. 313, 318 (1982).  The deduction is allowed only to the extent the amount exceeds 7.5 percent of adjusted gross income. Sec. 213(a); sec. 1.213-1(a)(3), Income Tax Regs.  The term "medical care" includes amounts paid "for the diagnosis, cure, mitigation, treatment or prevention of disease, or for the purpose of affecting any structure or function of the body". Sec. 213(d)(1)(A); Estate of Smith v. Commissioner, supra at 318-319.

Petitioners testified that they paid $1,231 in medical expenses during taxable year 2002.  Giving petitioners the benefit of the doubt, we find that petitioners' testimony substantiates medical expenses of $1,231.  However, as previously stated, the deduction for medical expenses is allowed only to the extent the amount exceeds 7.5 percent of adjusted gross income. Sec. 213(a); sec. 1.213-1(a)(3), Income Tax Regs.  Because petitioners reported adjusted gross income for taxable year 2002 of $55,009, $1,231 does not exceed 7.5 percent of petitioners' adjusted gross income.  Therefore, since petitioners did not

testify as to any other medical and dental expenses, and they have not offered into evidence any documentation substantiating other medical and dental expenses, we conclude that they are not entitled to any medical and dental expense deduction for taxable year 2002. See sec. 213(a); sec. 1.213-1(a)(3), Income Tax Regs.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.